AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) |
|---|---|
| v. | ) |
| Brayan DELFIN-Nava | ) Case No. 25-4540 MJ |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 25, 2025** in the county of **Hidalgo** in the **State** and District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| COUNT 1: 8 USC 1325(a)(1) | Count 1: 8 USC 1325(a)(1) Entry Without Inspection. |
| ~~COUNT 2: 50 USC 797~~ | ~~Count 2: 50 USC 797 Prohibits the Willful Violation of any Defense Property Security Regulation (Class A Misdemeanor).~~ |
| ~~COUNT 3: 18 USC 1382~~ | ~~Count 3: 18 USC 1382 Entry of Military Property for Any Purpose Prohibited by Law.~~ |

NO PC

This criminal complaint is based on these facts:
Count 1: On October 25, 2025, Border Patrol Agents from the Lordsburg, New Mexico Border Patrol Station encountered the defendant in Hidalgo County, New Mexico. The defendant was questioned as to his citizenship to which he stated that he was a citizen and national of Mexico, illegally present in the United States. Agents determined the defendant illegally crossed the boundary between the United States and Mexico on October 20, 2025, approximately 30 miles west of the Antelope Wells, New Mexico Port of Entry. The defendant did not present himself through a lawful

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher Petty, Border Patrol Agent
*Printed name and title*

Electronically submitted and telephonically sworn to before me:
Date: 10/26/2025

City and state: Las Cruces, New Mexico

*Judge's signature*

**DAMIAN L. MARTINEZ**
**U.S. MAGISTRATE JUDGE**
*Printed name and title*

District Of New Mexico

U.S. v.   Brayan DELFIN-Nava

Criminal Complaints (Continued)

Port of Entry; therefore, he was not admitted or paroled by an Immigration Officer.

Count 2:  Title 50 United States Code 797 prohibits the willful violation of any defense property security regulation. Section 797 defines a "defense property security regulation" as a property security regulation that pursuant to lawful authority--
(a)(2)(A) shall be or has been promulgated or approved by the Secretary of Defense (or by a military commander designated by the Secretary of Defense or by a military officer, or a civilian officer or employee of the Department of Defense, holding a senior Department of Defense director position designated by the Secretary of Defense) for the protection or security of Department of Defense property"
* * *
(a)(3)(A) relating to . . .the ingress thereto or egress or removal of persons therefrom.

The term "Department of Defense property" means property subject to the administration or in the custody of the Department of Defense. On April 15, 2025, the Department of Interior transferred Federal lands including the approximately 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Dona Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army.  See Public Land Order No. 7963.  On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas (hereinafter "NM NDA").  U.S. Army General Order No. 2025-10.  On April 18, 2025, the military commander at Fort Huachuca issued a security regulation designating the NM National Defense Areas as both a restricted area and a controlled area under Army Regulation 190-13 prohibiting the unauthorized entry into the National Defense Areas.

On October 20, 2025, when knowingly and intentionally illegally entering the United States from Mexico in Hidalgo County, New Mexico, Defendant willfully violated the security regulation prohibiting unauthorized entry of property subject to the administration or in the custody of Fort Huachuca by Defendant's unauthorized entry into the NM NDA. As of May 29, 2025, approximately 1,551 red and white warning signs have been installed along the edge of the NM NDA, facing south towards Mexico.  These approximately 12 inch by 18 inch signs identify the area as Department of Defense property, warn that the area is restricted and prohibit unauthorized entry.  Each sign contains these warnings in both English and Spanish and are spaced at intervals of approximately 100 to 200 meters. In this case, Defendant DELFIN-Nava, Brayan crossed through the NM NDA at approximately 31.33285, -108.75437 which was within 100 feet of a posted sign and was apprehended at 31.41374, -109.03059.

On October 25, 2025, U.S. Border Patrol provided the Defendant with an oral and written notice in Spanish that any unauthorized entry into this restricted area was prohibited and subject to federal prosecution.

Based on the facts alleged in this criminal complaint, there is probable cause to believe that Defendant violated 50 U.S.C. 797 by willfully violating a security regulation or order prohibiting unauthorized entry onto the NM National Defense Areas.

Count 3: On April 15, 2025, the Department of Interior transferred Federal lands including the 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Dona Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army. See Public Land Order No. 7963.  On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas.  U.S. Army General Order No. 2025-10.  On April 18, 2025, the military commander at Fort Huachuca designated the above-described area (hereinafter NM National Defense Areas) as a Controlled Area as defined in Army Regulation 190-13.  In chapter 6, AR 190-13 provides: "Army installations _ are restricted areas. At a minimum, the type of restriction is the controlled level." AR 190-13 also defines "controlled area" as a "type of restricted area in which access to the general public is denied, unless certain entry controls are met," and "restricted area" as an "area defined by an established boundary to prevent admission, unless certain conditions or controls are met, to safeguard the personnel, property, or material within."

NO PC

On October 25, 2025, when the Defendant was apprehended by U.S. Border Patrol, the Defendant did not have authorized access from the U.S. Army to enter the NM National Defense Areas. Based on the location of Defendant's apprehension by U.S. Border Patrol, the Defendant illegally crossed the international border with Mexico into the United States through the NM National Defense Areas.

As of May 29, 2025, approximately 1,551 red and white warning signs have been installed along the edge of the NM NDA, facing south towards Mexico. These approximately 12 inch by 18 inch signs identify the area as Department of Defense property, warn that the area is restricted and prohibit unauthorized entry. Each sign contains these warnings in both English and Spanish and are spaced at intervals of approximately 100 to 200 meters. In this case, Defendant DELFIN-Nava, Brayan crossed through the NM NDA at approximately 31.33285, -108.75437 which was within 100 feet of a posted sign and was apprehended at 31.41374, -109.03059.

On October 25, 2025, U.S. Border Patrol provided the Defendant with a verbal and written notice in Spanish that any unauthorized entry into this restricted area was prohibited and subject to federal prosecution.

Based on the facts alleged in this criminal complaint, there is probable cause to believe that Defendant violated 18 U.S.C. 1382 by entering a military reservation, post, fort, yard, station or installation, the NM National Defense Areas, for a purpose prohibited by law, specifically illegal entry into the United States.

_____
Signature of Judicial Officer

_____
Signature of Complainant

Petty, Christopher
Filing Agent